John L. Amsden, Esq.
BECK AMSDEN & STALPES, PLLC
2000 South 3rd Avenue, Suite A
Bozeman, MT 59715
Tel:   406-586-8700
Fax:   406-586-8960
amsden@becklawyers.com

*Attorneys for Plaintiff*

\* \* \* \* \* \* \*
UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION
\* \* \* \* \* \* \*

| | |
|---|---|
| TAMARA ANN LEACH,<br><br>            Plaintiff,<br><br>     v.<br><br>JUMPSPORT INC., a California corporation,<br><br>            Defendant. | Cause No. _____<br><br>**COMPLAINT AND REQUEST FOR JURY TRIAL** |

Plaintiff Tamara Ann Leach, by and through counsel of record, and for her complaint against the above-named Defendant, complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Tamara Ann Leach is an individual residing at times relevant hereto in Livingston, Park County, Montana.

2. Defendant JumpSport Inc. is a California corporation with its headquarters in San Jose, California. JumpSport is in the business of manufacturing recreational trampolines and accessories and boasts that its products are distributed worldwide, and its annual revenues exceed $13,000,000.

3. At times relevant hereto, acts, omissions and incidents giving rise to the causes of action herein asserted occurred in Livingston, Park County, Montana.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the damages at issue exceed $75,000, exclusive of interest and costs, and the claims at issue are between citizens of different States.

5. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391(b)(2), (b)(3) and (c)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district and because the corporate defendant is subject to personal jurisdiction here.

6. This Court has personal jurisdiction pursuant to Montana's Long Arm Rule, Mont. R. Civ. P. 4b, and the Due Process Clause of the U.S. Constitution, including because Defendant may be found in Montana; sells products in Montana, transacts business in Montana; has committed acts resulting in accrual of a tort

action in Montana; owns, uses, or possesses property, or an interest therein, in Montana; and/or enters into contracts in Montana; and because the claims asserted arise out of Defendant's activities within the state. Mont. R. Civ. P. 4B.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff Tamara Ann Leach hereby incorporates all other paragraphs of this complaint as though fully set forth herein.

8. On or around April 28, 2018, Plaintiff Leach was at her home in Livingston, Park County, Montana, with her husband and their minor daughter.

9. The family had purchased a JS12ft SkyBounce XPS Unitized System trampoline manufactured by JumpSport Inc.

10. Tamara Ann Leach assembled the trampoline in accordance with the manufacturer's enclosed instructions.

11. After properly assembling the trampoline, upon taking her first bounce and through no fault of her own, one of the springs broke loose and struck Tamara in the lumbar region of her back while she was mid-air.

12. The impact was so forceful it lacerated the skin of Tamara's back and felt to her as if she had been kicked hard in the kidneys.

13. The spring ricocheted off her back and hit her index finger and thumb, causing injuries thereto as well.

14. This event occurred because the trampoline was in an unreasonably dangerous and defective condition when it left Defendant's custody.

15. Tamara was using the trampoline in the ordinary and expected manner and did not contribute in any way to the failure of the trampoline spring.

16. Tamara, a firm believer in holistic healing, initially believed her injuries would heal with time and holistic healing methods, including massage (Tamara herself is a licensed massage therapist (LMT)).

17. Over time, however, it became clear that her injuries were not resolving but were in fact becoming worse.

18. Tamara's injuries are ongoing and have impacted her ability to pursue her normal hobbies, activities and professional endeavors.

19. As a result of her injuries, Tamara has had to convert her practice from focusing on therapeutic deep tissue massage to a focus on relaxation and mindfulness modalities involving more gentle manipulations.

20. Tamara has also had to cut back on many previously enjoyed activities, such as hiking, running and advanced yoga techniques.

21. Plaintiff Leach is entitled to be compensated herein for the injuries, losses and damages she has suffered as a result of the condition of Defendant's product.

22. Plaintiff's damages exceed $75,000, exclusive of costs and interest.

## COUNTS

COUNT ONE – STRICT PRODUCT LIABILITY

(Against Defendant JumpSport Inc.)

23. Plaintiff hereby incorporates all other paragraphs of this complaint as though fully set forth herein.

24. At all times relevant, Defendant JumpSport Inc. designed, researched, manufactured, tested, advertised, promoted, sold, and distributed the subject trampoline model.

25. The trampoline was expected to and did reach consumers and persons coming into contact with it without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by Defendant.

26. The trampoline was and is defective because it was and is dangerous to an extent beyond that which an ordinary consumer would anticipate when used for its ordinary and intended purpose, including because the springs could break and become detached while the trampoline was in use.

27. The defective aspects of the trampoline caused the injuries suffered by Plaintiff by making the spring break and become detached while the trampoline was in use.

28. As a result of these events, Plaintiff has suffered significant and ongoing injuries, including bodily injury, medical expenses, lost income and lost

earning capacity, loss of established course of life, and other injuries, losses and damages for which she is entitled to be compensated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For all past and future general and special damages to be determined at trial as a result of Defendant's conduct.

2. For attorney fees, expenses, and costs incurred in this action, as permitted by common law, statute or the parties' agreements.

3. For interest on all said sums as allowed by Montana law, including prejudgment interest.

4. For such other and further relief as permitted by law or deemed just and equitable by the Court.

DATED this 21st day of April 2021.

/s/ John L. Amsden
BECK AMSDEN & STALPES, PLLC

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 21st day of April 2021.

                                                s/ John L. Amsden
                                                BECK AMSDEN & STALPES, PLLC

                                                *Attorneys for Plaintiff*